UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

QIANNA LATRICE QUARTMAN,

          Plaintiff,

v.

STATE OF WISCONSIN
DEPARTMENT OF CORRECTIONS,
JESSICA S. BERNDT, BRADLEY W.
BREY, STATE OF WISCONSIN
DIVISION OF HEARINGS AND
APPEALS, CHRISTINE L. HANSEN,
and JENNIFER R. PRIEBE,

          Defendants.

Case No. 22-CV-1015-JPS

**ORDER**

---

Plaintiff Qianna Latrice Quartman filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated her constitutional rights. ECF No. 1.[1] Before the Court had the chance to screen her complaint, Plaintiff filed an amended complaint. ECF No. 4. Because Plaintiff may file an amended pleading as a matter of course before service on the opposing party, *see* Fed. R. Civ. P. 15(a), and because "an amended complaint supersedes an original complaint and renders the original complaint void." *Flanner v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004) (citations omitted), the Court will screen the amended complaint.

---

[1] Plaintiff has an extensive litigation history in this district, which recently prompted the Court to reimpose a filing restriction order against her for future cases. *See Quartman v. Office Furniture Res. Inc.*, Case No. 22-CV-1314-JPS (E.D. Wis. Nov. 4, 2022) at ECF No. 4.

1.  **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

On September 2, 2022, Plaintiff filed a motion to proceed without prepayment of the filing fee. ECF No. 3. On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In. her motion, Plaintiff avers that she is unemployed and unmarried. ECF No. 3 at 1. Her monthly income totals $0.00; her monthly expenditures are $250.00 which she indicates may be paid by a foodshare. *Id.* at 2–3. She does not own a car or a home; has only $10.00 in checking or savings accounts; and does not own any other property of value. *Id.* at 3–4. Plaintiff further indicates that she was released from prison and is on state benefits for foodshare and medical. Given these facts, the Court accepts that Plaintiff is indigent and will grant her motion to proceed without prepayment of the filing fee. However, the inquiry does not end there; the Court must also screen the action.

2.  **SCREENING THE COMPLAINT**

    2.1  **Federal Screening Standard**

Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that on April 29, 2019, a final revocation hearing was conducted at the Milwaukee Secure Detention Facility with her parole agent, Defendant Jessica S. Berndt ("Berndt") alleging numerous rule violations against Plaintiff. ECF No. 4 at 3. Berndt signed DOC-429 on

March 11, 2019, stating that Robert Willis (Plaintiff's husband) was subpoenaed by the Department of Corrections ("DOC"). *Id.* Present at the hearing were Defendant Agent Bradley W. Brey ("Brey"), the hearing examiner, Defendant Christine L. Hansen ("Hansen"), Plaintiff, and her attorney Gregory Isaac. *Id.*

Prior to the start of the hearing, Plaintiff was administered oxycodone for pain due to recent childbirth surgery; Plaintiff experienced side effects of the oxycodone throughout the hearing. *Id.* Plaintiff had given birth ten days prior to the hearing via C-section and was diagnosed with postpartum depression on April 19, 2019. *Id.*

Plaintiff had a material witness for the hearing, Robert Willis (her husband), but her attorney refused to subpoena him. *Id.* DOC presented no witnesses. *Id.* The only evidence considered was the unsigned DOC-1305 statement of Berndt who was not present at the hearing. *Id.* Brey testified under oath that DOC did not subpoena Plaintiff's husband. *Id.* Brey further testified that he did subpoena the accuser, Crystal Jamison. *Id.* at 3–4. Document DOC 429 did not list Crystal Jamison as being subpoenaed by DOC. *Id.* at 4. Document DOC-1950 stated that Brey made the allegations against Plaintiff. *Id.* However, Berndt took the statement (DOC-1305 and DOC-1305A) on March 5, 2019. *Id.*

Documents from Adecco Employment Services ("Adecco") were mentioned and entered as evidence during the revocation hearing even though Adecco had not been subpoenaed for the hearing. *Id.* Three days after the hearing, on or about May 2, 2019, Plaintiff received the "Revocation Packet (evidence")" under her door. *Id.*

On or about February 25, 2019, Defendant Agent Jennifer R. Priebe ("Priebe") violated the Marital Privilege Rights law by placing a no contact

order against Plaintiff and her husband and threatening her husband to make him give a statement. *Id.* Priebe took Plaintiff's husband's statement on February 25, 2010. *Id.* Priebe verbally told Plaintiff's husband to press charges against her and to leave and separate from her. *Id.*

On or about May 22, 2019, Priebe violated Plaintiff's parental rights by giving permission, without Plaintiff's consent, for Plaintiff's two children to move across state lines to live with their father (Plaintiff's husband). *Id.* Plaintiff's husband was at the time still on parole in both Wisconsin and Illinois. *Id.* Plaintiff's husband filed for divorce sometime in July 2020. The State of Illinois now had jurisdiction over Plaintiff's two children because of Priebe's actions. *Id.*

As a result of the "so-called evidence" at Plaintiff's revocation hearing, Plaintiff was found in violation of her supervision and was ordered back to prison for two-and-a-half years. *Id.* As a result of this unjust decision, Plaintiff suffered the irreparable loss of her family, her marriage, and custody of her three children, and today she suffers from anxiety and depression as a result. *Id.* Plaintiff was also imprisoned the entire time of the COVID-19 pandemic, which took a toll on her mental illness. *Id.* at 5.

**2.3    Analysis**

First, Plaintiff may not proceed on any claims challenging her revocation conviction because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that for a plaintiff to recover damages for an "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486–87. *Heck* applies to revocation convictions. *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000); *Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997). This rule applies regardless of a plaintiff's release from custody and the unavailability of habeas relief. *Savory v. Cannon*, 947 F.3d 409, 430 (7th Cir. 2020) ("*Heck* controls the outcome where a section 1983 claim implies the invalidity of the conviction or the sentence, regardless of the availability of habeas relief.").

Here, Plaintiff essentially claims that her revocation and return to prison was improper as a result of certain defendants' conduct and/or decisions at or prior to her revocation hearing. If Plaintiff's claims are true that she received an unconstitutional hearing, judgment in Plaintiff's favor would therefore necessarily imply the invalidity of her probation revocation. Thus, Plaintiff's claims challenging her revocation are *Heck* barred and will be dismissed without prejudice.

Second, the Court will dismiss any claims in relation to Defendant Priebe's decisions related to the custody of Plaintiff's children and their placement in Illinois. The Court finds Plaintiff's claims to be factually frivolous. A complaint is *factually* frivolous if its allegations are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). The Court is unaware of any factual scenario where a parole or probation agent would be given the authority to make child custody decisions; Plaintiff has provided no facts or explanation as to how Priebe granted such authority. As such, to the extent that Plaintiff brings a claim against Defendant Priebe

in relation to her child custody decisions, the Court must dismiss that claim with prejudice as factually frivolous.

## 3. CONCLUSION

The Court will not grant Plaintiff leave to file a second amended complaint in this instance. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015); *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015)). Plaintiff's amended complaint is fairly thorough in its allegations of the facts surrounding her claim, so the Court finds that further amendment would be futile. Because Plaintiff has not stated a claim for which this federal court may grant relief, the Court must dismiss the claims in her amended complaint and this action.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 3, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's claims challenging her revocation be and the same are hereby **DISMISSED without prejudice** because such claims are *Heck*-barred;

**IT IS FURTHER ORDERED** that Plaintiff's claim related to her children's custody be and the same is hereby **DISMISSED with prejudice** for the failure to state a claim; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of March, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, she will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, she must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if her appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, she will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless she demonstrates that she is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.